UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 25-cv-61336-Singhal/McCabe

LAURA LYNN KASPER LONGINOS,

     Plaintiff,

v.

FRANK BISIGNANO,
Commissioner of Social Security,

     Defendant.

_____/

## <u>REPORT & RECOMMENDATION AFFIRMING SOCIAL SECURITY DECISION</u>

**THIS CAUSE** comes before the Court on an Order of Referral from United States District Judge Raag Singhal to review a decision of the Commissioner of Social Security ("Commissioner") denying the application of Plaintiff Laura Lynn Kasper Longinos for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") benefits. (DE 1, DE 10). This matter presents two issues for review:

1.     Whether the Administrative Law Judge ("ALJ") erred in formulating Plaintiff's residual functional capacity ("RFC"), specifically, by failing to incorporate mental limitations.

2.     Whether the ALJ erred at step two by failing to recognize Plaintiff's mental conditions as "severe impairments."

For the reasons set forth below, the undersigned finds no error and **RECOMMENDS** that the Commissioner's final decision be **AFFIRMED**.

## I.      BACKGROUND

On August 20, 2021, Plaintiff filed applications for disability benefits, with an alleged disability onset date of February 15, 2020.  (R. 10).[1]  After the applications were denied at the lower levels, Plaintiff requested an administrative hearing, which took place on April 23, 2024.  (R. 41-61).  On August 30, 2024, the ALJ issued an unfavorable decision.  (R. 7-9).

The ALJ's decision followed the five-step process set forth in 20 C.F.R. §§ 404.1520(a)(4)(i)-(v) and 416.920(a)(4)(i)-(v).  *See Santos v. Soc. Sec. Admin., Comm'r*, 731 F. App'x 848, 852 (11th Cir. 2018) (explaining how the ALJ engages in the five-step process).  At step one, the ALJ determined that Plaintiff had not engaged in substantial gainful activity since February 15, 2020, the alleged onset date of disability.  (R. 13).  At step two, the ALJ determined that Plaintiff had severe impairments of diabetes mellitus, cellulitis, and peripheral neuropathy.  (R. 13).   The ALJ also determined that Plaintiff had the following non-severe impairments: overweight, asymptomatic hypertension, lumbar post-laminectomy syndrome, coronary artery disease, retinopathy, dental decay, psoriasis, vitamin B12 deficiency, psoriatic arthritis, obstructive pulmonary disease, fibromyalgia, tachycardia, bipolar disorder, and anxiety disorder.  (R. 13-16).

At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  (R. 17).  Next, the ALJ found that Plaintiff had the RFC to perform "medium work" as defined in 20 C.F.R. §§ 404.1567(c) except:

- no climbing ladders, ropes, and scaffolds;

- occasional climbing ramps and stairs;

- frequent stooping, kneeling, crouching, and crawling;

---

[1] The record on appeal may be found at docket entry 6.

- no operating a motor vehicle; and

- occasional exposure to extreme temperatures

(R. 18).

At step four, the ALJ found that Plaintiff had no past relevant work. (R. 23). At step five, the ALJ found that jobs exist in the national economy that Plaintiff can perform, considering her age, education, work experience, and RFC. (R. 23-24). Specifically, the ALJ found that Plaintiff can perform the jobs of (1) packager, hand; (2) floor waxer; and (3) sweeper cleaner, industrial. (R. 24). As a result, the ALJ found Plaintiff not disabled. (R. 25). Thereafter, the Social Security Appeals Council denied review. (R. 1-3). This appeal followed pursuant to 42 U.S.C. § 405(g).

## II.     STANDARD OF REVIEW

"In Social Security appeals, [a reviewing court] must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (cleaned up). A reviewing court must regard the Commissioner's findings of fact as conclusive so long as they are supported by substantial evidence. *See* 42 U.S.C. § 405(g). "Substantial evidence is … more than a scintilla … and it must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion." *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995).

A reviewing court "may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the Commissioner." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (cleaned up). So long as substantial evidence supports the Commissioner's decision, and the Commissioner followed proper legal standards, a reviewing court must affirm, even if the reviewing court would have reached a contrary result as finder of fact, and even if the evidence preponderates against the Commissioner's decision. *Winschel*, 631 F.3d at 1178.

### III.     DISCUSSION

Plaintiff urges the Court to reverse the ALJ's decision for two reasons, each of which the Court will address in turn.

#### A.     RFC Determination

Plaintiff first argues that the ALJ committed error by failing to incorporate a mental limitation into the RFC.  (DE 15 at 3).  Specifically, Plaintiff argues that the ALJ failed to incorporate limitations associated with the medical source opinion of Dr. Lori Ben-Ezra, who performed a psychological evaluation on Plaintiff on May 30, 2022.  (R. 816-18).  The ALJ's final decision summarized Dr. Ben-Ezra's opinion as follows:

> Dr. Ben-Ezra found that the claimant does not have a formal thought disorder and is capable of accurate reality testing.  The claimant was able to follow directions, complete simple, repetitive tasks, and interact appropriately with coworkers, supervisors, and customers, *though psychopathology may interfere with her ability to manage stress effectively* (Exhibit B6F/3-4).
>
> …
>
> The assessment by Dr. Ben-Ezra indicated that while the claimant *may experience psychopathology affecting stress management*, she can perform simple tasks and maintain adequate pace.
>
> …
>
> [Dr. Ben-Ezra] opined that the claimant should be able to recall and implement directions to complete simple, repetitive tasks; claimant should be able to behave in a predictable manner and implement appropriate social judgement; the claimant should be able to get along with coworkers, supervisors, and customers, *but psychopathology might interfere with her ability to manage stress* (Exhibit B6F/3).

(R. 16-17, 22).

The ALJ found the opinion persuasive.  (R. 22).  Despite finding the opinion persuasive, the ALJ failed to incorporate a limitation into the RFC associated with the portion of Dr. Ben-Ezra's opinion that pertained to the impact of Plaintiff's psychopathology on her ability to manage

stress.   By failing to do so, Plaintiff argues, the ALJ committed error by reaching an RFC determination that was not supported by substantial evidence.  (DE 15 at 4).

The Court finds no error for two reasons.  First, in the Court's view, the RFC does not conflict with Dr. Ben-Ezra's opinion.  Dr. Ben-Ezra opined that Plaintiff's psychopathology "might" or "may" interfere with her ability to manage stress.  (R. 16-17, 22).  A similar situation arose in *DeJesus v. Comm'r of Soc. Sec.*, No: 6:20-cv-1685-LHP, 2022 WL 833677, at *7 (M.D. Fla. Mar. 21, 2022), where a medical source opined that a claimant "'*may* experience difficulties' in her ability to respond appropriately to criticism from a supervisor."  (emphasis in the original) (cleaned up).  The *DeJesus* court found the opinion "equivocal at best" and, as a result, found no inconsistency with the ALJ's failure to incorporate limitations into the RFC to account for the opinion.  *Id.*; *see also Edwards v. Sullivan*, 937 F.2d 580, 584 (11th Cir. 1991) (noting that "if a treating physician is unsure of the accuracy of his findings and statements, there is certainly no legal obligation for the ALJ to defer to the treating physician's report").

The same logic applies here.  Dr. Ben-Ezra opined that Plaintiff's psychopathology "might" or "may" interfere with her ability to manage stress.  (R. 16-17, 22).   In light of the equivocal nature of this portion of the opinion, the ALJ did not commit reversible error by failing to account for it in the RFC.

Second, and at any rate, the ALJ placed a further limitation on the RFC when posing questions to the vocational expert.  The ALJ posed a series of three hypothetical questions to the expert, each based upon a hypothetical person with Plaintiff's age, education, work experience and RFC.  (R. 57-58).  In the third hypothetical, the ALJ limited the type of work to "unskilled work":

ALJ:   Alright, I guess this would be hypothetical three.  Same as hypothetical number one, the medium [exertion], *but then we limit it to unskilled work.*

…

All right, would there be other work such as an individual could perform?

Expert:   Yes, one could be a hand packager ....

…

One could also be a waxer, floor...  And there could also be a sweep cleaner, industrial ...

(R. 57-58).

As demonstrated by the occupations noted in the ALJ's final written decision (packager, floor waxer, and sweeper cleaner) (R. 24), the ALJ based her final decision on hypothetical number three, which included the limitation of "unskilled work."  The Social Security regulations define "unskilled work" as "work which needs little or no judgment to do simple duties that can be learned on the job in a short period of time."  20 C.F.R. § 416.968(a).  By imposing this limitation, the ALJ accounted for Dr. Ben-Ezra's opinion that Plaintiff's psychopathology "might" or "may" interfere with her ability to manage stress.  *See Szilvasi v. Comm'r of Soc. Sec.*, 555 F. App'x 898, 902 (11th Cir. 2014) ("[W]e conclude that the ALJ properly took into account all of Szilvasi's limitations when [the ALJ] posed hypothetical questions to the vocational expert.").  As such, the Court rejects this argument for reversal.

**B.   Step Two Error**

Plaintiff next argues that the ALJ committed error at step two of the sequential evaluation by failing to recognize Plaintiff's mental conditions as "severe impairments" within the meaning of 20 C.F.R. § 404.1520(c).  (DE 15 at 6-7).   Specifically, Plaintiff argues that the ALJ should

6

have deemed Plaintiff's bipolar disorder and anxiety disorder as severe, rather than non-severe, impairments.  (DE 15 at 7).

To the extent the ALJ committed error at step two, the Court finds it to be harmless.  As the Eleventh Circuit has explained, step two acts as a threshold inquiry, designed to screen out applicants whose impairments do not support any claim for relief.  *Stratton v. Bowen*, 827 F.2d 1447, 1452 (11th Cir.1987).  As such, the finding of any severe impairment is enough to satisfy step two.  *Jamison v. Bowen*, 814 F.2d 585, 588 (11th Cir. 1987).  "Nothing requires that the ALJ must identify, at step two, all of the impairments that should be considered severe."  *Heatly v. Comm'r of Soc. Sec.*, 382 F. App'x 823, 825 (11th Cir. 2010).

Once the ALJ proceeds past step two and reaches the RFC determination, the ALJ must consider all of the record evidence in formulating the RFC.  *See Griffin v. Comm'r of Soc. Sec.*, 560 F. App'x 837, 842 (11th Cir. 2014) ("[B]eyond the second step, the ALJ must consider the entirety of the claimant's limitations, regardless of whether they are individually disabling.").  This includes evidence of severe *and* non-severe impairments.  *Hanna v. Astrue*, 395 F. App'x 634, 635 (11th Cir. 2010).

In this case, the ALJ found three severe impairments at step two, i.e., diabetes mellitus, cellulitis, and peripheral neuropathy.  (R. 13).  Having found these severe impairments, the ALJ proceeded to the next step in the sequential analysis, thereby mooting any issue concerning other impairments that might have been deemed "severe."  The Court therefore finds any error in the ALJ's step two analysis to be harmless.  *See Garcia v. Kijakazi*, No. 21-22879-CV, 2023 WL 1820984, at *12 (S.D. Fla. Jan. 9, 2023), *R. & R. adopted*, 2023 WL 1816387 (S.D. Fla. Feb. 8, 2023), *aff'd sub nom.*, 2023 WL 7404856 (11th Cir. Nov. 9, 2023) ("[E]ven assuming, arguendo, that the ALJ erred at step two and should have found [the claimant's] anxiety and depression were

severe, any such error was harmless … because the ALJ proceeded past step two and made clear that he considered [the claimant's] mental impairments (along with all of the other evidence) when formulating the RFC.").

The Court has considered, but rejects, Plaintiff's argument that the step two error cannot be deemed harmless.  Specifically, Plaintiff argues the step two error caused harm because the ALJ failed to incorporate any mental limitations into the RFC.  (DE 15 at 8).  In support, Plaintiff again points to Dr. Ben-Ezra's opinion concerning Plaintiff's ability to manage stress.  (DE 15 at 8).  The Court rejects these arguments for the same reasons discussed in Part III.A. above.  As explained there, the Court finds the RFC to be fully supported by substantial evidence in the case.  The Court therefore finds no basis for reversal.

## IV.   CONCLUSION & NOTICE OF RIGHT TO OBJECT

For the reasons set forth above, the undersigned **RECOMMENDS** as follows:

1. Consistent with the Court's ruling, Plaintiff's Motion for Summary Judgment (DE 15) should be **DENIED.**

2. The Commissioner's final decision should be **AFFIRMED.**

3. Final judgment should be entered in favor of the Commissioner.

4. The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with the United States District Judge.  Failure to file objections timely shall bar the parties from a de novo determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); 11th Cir. R. 3-1.

**RESPECTFULLY SUBMITTED** in Chambers at West Palm Beach in the Southern District of Florida, this 4th day of June 2026.

_____
RYON M. MCCABE
U.S. MAGISTRATE JUDGE