UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 25-61336-CIV-SINGHAL/MCCABE

LAURA LYNN KASPAR LONGINOS,

    Plaintiff,

vs.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

_____/

### ORDER ADOPTING MAGISTRATE JUDGE'S
### REPORT AND RECOMMENDATION

**THIS MATTER** has come before the Court upon the Report and Recommendation Affirming Social Security Decision (DE [19]) of the Honorable Ryon McCabe.  On June 4, 2026, Magistrate Judge McCabe issued the Report and Recommendation recommending that the Plaintiff's Motion for Summary Judgment (DE [15]) be denied and the Commissioner of Social Security's decision be affirmed.

Plaintiff Laura Longinos filed timely objections ("Objections").  (DE [20]).  This Court has conducted a *de novo* review of the portions of the Report to which Petitioner has objected, in accordance with 28 U.S.C. § 636(b)(1)(C), and finds that the Objections are without merit and are therefore overruled.  *Schwartz v. Jones,* 2020 WL 905234, at *1 (S.D. Fla. Feb. 25, 2020), *aff'd sub nom. Schwartz v. Sec'y, Fla. Dep't of Corr.,* 842 Fed. Appx. 442 (11th Cir. 2021).

Plaintiff's first objection is that the administrative law judge ("ALJ") inconsistently found the opinion of Dr. Ben-Ezra to be persuasive but then did not incorporate his opinion that psychopathology might impact Plaintiff's ability to manage stress.  The Court agrees

with Judge McCabe's analysis that there is no inconsistency here.  Because Dr. Ben-Ezra found that "psychopathology *might* interfere" with Plaintiff's stress management, the ALJ cannot be faulted for not deciding that psychopathology *will* interfere with her ability to handle stress.  (DE [6] at 22).  The ALJ's decision was not inconsistent or improper.

Plaintiff also objects to Judge McCabe's conclusion that the ALJ's failure to designate Plaintiff's mental health issues as severe at step two was at worst, harmless error.  The Court determines that there is substantial evidence to support the ALJ's finding that Plaintiff's mental impairments were non-severe, so the finding was not error at all. *See Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) ("In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards.  Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion." (citation modified).

The ALJ determined that "[t]he claimant's medically determinable mental impairment of bipolar disorders and anxiety does not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe."  (DE [15]).  The record supports this conclusion.  The ALJ found that Plaintiff "was able to follow directions, complete simple, repetitive tasks, and interact appropriately with coworkers, supervisors, and customers," and could "complete all activities of daily living, such as meal preparation, shopping, household chores, and managing appointments and prescription."  (DE [6] at 16).  "Additionally, the medical evidence of record, including mental status reports, generally shows no serious deficits in long-term memory, short-term memory, insight, and judgment."  *Id.*  "Mental status examination

2

results show the claimant had no serious problem completing simple calculations. Additionally, treating or examining practitioners did not observe that the claimant was overly distractible or slow."

These facts support the ALJ's conclusion that Plaintiff's mental impairments did "not cause more than minimal limitation in the claimant's ability to perform basic mental work activities and is therefore non-severe."  Based on the ALJ's fact findings, Plaintiff's mental impairments were not severe.  The ALJ's conclusion was not error.

Accordingly, it is hereby

**ORDERED AND ADJUDGED** as follows:

1. The magistrate judge's Report and Recommendation (DE [19]) is **AFFIRMED** and **ADOPTED** in part**.**

2. Plaintiff's Motion for Summary Judgment (DE [15]) is **DENIED**.

3. The Commissioner's final decision is **AFFIRMED**.

4. Final Judgment will be entered in favor of the Commissioner by separate order.

5. The Clerk of Court is directed to **CLOSE** this case, **CANCEL** all hearings and deadlines, and **DENY AS MOOT** any pending motions.

**DONE AND ORDERED** in Chambers, Fort Lauderdale, Florida, this 30th day of June 2026.

_____
RAAG SINGHAL
UNITED STATES DISTRICT JUDGE

Copies furnished counsel via CM/ECF and
Hon. Ryon McCabe